IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JESSE L. SMITH,

    Plaintiff,

v.                                       Civil Action No. 3:19CV563

MRS. S. PETTY, et al.,

    Defendants.

## MEMORANDUM OPINION

Jesse L. Smith, a Virginia inmate proceeding pro se and in forma pauperis filed this action. Pursuant to Federal Rule of Civil Procedure 4(m), Smith had ninety (90) days from the filing of the complaint to serve the defendants.[1] Here, that period commenced on March 9, 2020. By Memorandum Order entered on March 31, 2021, the Court directed Smith, within eleven (11) days from the date of entry thereof to show good cause for his failure to serve Defendants Militana and Petty within the time required by Rule 4(m).

---

[1] Rule 4(m) provides, in pertinent part:

    If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

On April 23, 2021, Smith responded, but offers little to no excuse for his failure to serve Defendants Militana and Petty. Smith asserts that the Court should excuse his failure to serve these defendants because no attorney was appointed to represent him.

District courts within the Fourth Circuit have found good cause to extend the ninety-day time period when the plaintiff has made "reasonable, diligent efforts to effect service on the defendant." Venable v. Dep't of Corr., No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting Hammad v. Tate Access Floors, Inc., 31 F. Supp. 2d 524, 528 (D. Md. 1999)). Leniency is especially appropriate when factors beyond the plaintiff's control frustrate his or her diligent efforts. See McCollum v. GENCO Infrastructure Sols., No. 3:10CV210, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010) (citing T & S Rentals v. United States, 164 F.R.D. 422, 425 (N.D. W.Va. 1996)). Thus, courts are more inclined to find good cause where extenuating factors exist such as active evasion of service by a defendant, T & S Rentals, 164 F.R.D. at 425 (citing Prather v. Raymond Constr. Co., 570 F. Supp. 278, 282 (N.D. Ga. 1982)), or stayed proceedings that delay the issuance of a summons. McCollum, 2010 WL 5100495, at *2 (citing Robinson v. Fountainhead Title Grp. Corp., 447 F. Supp. 2d 478, 485 (D. Md. 2006)). However, "'[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or

2

half-hearted attempts at service' generally are insufficient to show good cause." Venable, 2007 WL 5145334, at *1 (quoting Vincent v. Reynolds Mem'l Hosp., 141 F.R.D. 436, 437 (N.D. W.Va. 1992)). While a court might take a plaintiff's pro se status into consideration when coming to a conclusion on good cause, Lane v. Lucent Techs., Inc., 388 F. Supp. 2d 590, 597 (M.D.N.C. 2005), neither pro se status nor incarceration alone constitute good cause. Sewraz v. Long, No. 3:08CV100, 2012 WL 214085, at *2 (E.D. Va. Jan. 24, 2012) (citations omitted).

Smith, not the Court, nor the United States Marshal's service, is responsible for providing the appropriate addresses for serving a defendant. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993) (holding that prisoners proceeding in forma pauperis retain responsibility for providing address at which service can be effectuated); see also Geter v. Horning Bros. Mgmt., 502 F. Supp. 2d 69, 70 n.3 (D.D.C. 2007) (advising that in forma pauperis status conveys right to have court effect service only to extent plaintiff provides a valid address). Smith fails to demonstrate that that he made a "reasonable, diligent effort[] to effect service on the defendant[s]." Venable, 2007 WL 5145334, at *1 (citation omitted) (internal quotation marks omitted). Accordingly, all claims against Defendants Militana and Petty will be dismissed without prejudice.

The Clerk is directed to send a copy of the Memorandum Opinion to Smith and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: May 12, 2021
Richmond, Virginia

4